UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY KNAPP,<br><br>              Plaintiff,<br><br>   v.<br><br>JOHN REID, and SUTTELL, HAMMER & WHITE, P.S., a Washington corporation,<br><br>              Defendants. | Case No. C15-1769RSM<br><br>ORDER STAYING CASE |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion to Stay. Dkts. #7 and #11. Plaintiff seeks judgment as a matter of law with respect to an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). Dkt. #7. Defendants seek a stay of Plaintiff's motion pending a determination by the United States Supreme Court on whether plaintiffs seeking only statutory damages have sufficient injury to confer Article III standing. Dkt. #11. Having reviewed the record before it, the Court GRANTS Defendants' motion to stay and will not yet determine Plaintiff's motion for summary judgment for the reasons discussed herein.

## II.    BACKGROUND

The sequence of events leading up to the matter at issue in this case is undisputed. On July 23, 2015, Defendants sent Plaintiff a letter seeking to collect an alleged debt on behalf of

ORDER
PAGE - 1

Cavalry SPV I, LLC. Dkt. #8, Ex. A. The letter informed Plaintiff that if he notified Defendants in writing that he disputed the debt, Defendants would obtain verification of the debt and send it to him. *Id.* In addition, Defendants also stated that upon request it would send Plaintiff the name of the original creditor if different from the one stated in the letter. *Id.*

On August 14, 2015, Plaintiff responded to Defendants' letter as follows: "I dispute and refuse to pay this alleged debt. Do not contact me again". Dkt. #8, Ex. C.

On October 13, 2015, Plaintiff received another letter from Defendants. Dkt. #8, Ex. F. The letter stated that pursuant to Plaintiff's request for verification of the alleged debt, Defendants were providing such verification and supporting documents. *Id.* The letter also stated that a lawsuit had not yet been initiated, but that Defendants had been instructed to proceed with the collection of the debt. *Id.*

On November 10, 2015, Plaintiff filed the instant lawsuit alleging that the second letter from Defendants violated the FDCPA – specifically 15 U.S.C. § 1692c(c) – because it constituted an impermissible contact in an attempt to collect a debt after Plaintiff had provided a written directive to cease contact with him. Dkt. #1. Plaintiff then filed the instant Motion for Partial Summary Judgment seeking an Order finding that the second letter violates the FDCPA. Dkt. #7.

Defendants have opposed the motion and filed a Motion to Stay. Dkts. #9 and #11.

### III.   DISCUSSION

The Court first addresses Defendants' Motion to Stay. Defendants ask the Court to stay Plaintiff's Motion for Partial Summary Judgment until the U.S. Supreme Court decides whether Congress may confer Article III standing on a plaintiff who has only alleged a private right of action based on a violation of a federal statute. Dkt. #11 (referring to *Spokeo, Inc. v. Robbins*,

__ U.S. __, 135 S. Ct. 1892 (2015).  Defendants argue that should the Supreme Court determine a plaintiff must have a concrete and particularized injury before bringing a suit, such ruling would negate the instant case.  Dkt. #11 at 2.  Plaintiff argues that there is no reason for a stay because his summary judgment motion has been completely briefed and Ninth Circuit law is controlling until the Supreme Court issues a decision.  Dkt. #14.  Plaintiff also argues he would be prejudiced by a stay.  *Id.*

While the Court acknowledges that Ninth Circuit law remains controlling, and that it could move forward with a ruling on summary judgment, the Court finds a stay appropriate in these circumstances.  In considering a motion to stay, the Court must balance the competing interests that a grant or a refusal will affect.  *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. North American Co.*, 299 U.S. 248, 254–255, 57 S. Ct. 163 (1936).  The Court considers the possible damage that might result from a grant, the hardship or inequity a party might suffer by advancing the case, and the orderly course of justice measured by the simplification or complication of the issues, proof, and questions of law that could result from a stay.  *See id*.  The party seeking a stay bears the burden of showing his entitlement.  *See Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 433–34, 129 S. Ct. 1749 (2009)).

Here the Court agrees with Defendants that no damage or hardship to Plaintiff is likely to result from a stay in this case.  This case is in its infancy.  Indeed, no Answer has yet been filed, no trial date is set, and discovery has not yet begun.  Further, Plaintiff acknowledges that he seeks only statutory damages in this action, and he has alleged no current harm other than being forced to wait for a decision on his motion "for possibly six (6) months before his rights are decided by this Court."  Dkt. #14 at 5.

ORDER
PAGE - 3

Importantly, a decision in the *Spokeo* case may very well negate this lawsuit. Should a decision by the U.S. Supreme Court result in the lack of standing of Plaintiff, both the parties and the Court would benefit from reserving their resources in this matter. Plaintiff is wrong that no further resources will be expended if a stay is not issued. *See* Dkt. #14 at 4. Plaintiff apparently fails to recognize the Court's time and effort taken to resolve these matters. Moreover, Plaintiff ignores the fact that his motion is for *partial* summary judgment, which necessitates further action by the parties even if he is successful. If Plaintiff ultimately has no standing to bring his claim, any time spent moving this case forward would have been in vain. Indeed, Plaintiff has apparently agreed to Defendants preservation of a standing defense. *See* Dkts. #11 at 2-3 and #12 at ¶ ¶ 2-3 and Ex. A. Thus, should the Court issue a decision in favor of Plaintiff and should the Supreme Court ultimately issue a decision that negatively impacts Plaintiff's standing, more motions would become necessary to address that preserved defense. Accordingly, Defendants' motion will be granted. The Court will not address the merits of Plaintiff's Motion for Partial Summary Judgment at this time.

### IV.   CONCLUSION

Having reviewed the parties' motions, the responses thereto and replies in support thereof, along with all supporting declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants' Motion for Stay (Dkt. #11) is GRANTED. This matter is STAYED until the United States Supreme Court issues a decision in *Spokeo*, *supra*.

2. **Within ten (10) days from the date a decision in *Spokeo* is issued**, the parties shall jointly notify the Court by way of Joint Status Report of the following: 1) the decision; 2) the impact of the decision on the instant case; 3) the impact of the

decision on Plaintiff's Motion for Partial Summary Judgment and whether additional briefing is necessary; and 4) whether and the Court should re-note Plaintiff's Motion for Partial Summary Judgment for consideration.

3. Plaintiff's Motion for Partial Summary Judgment (Dkt. #7) is STAYED until a decision in *Spokeo* is issued. The Clerk shall REMOVE the motion from the Court's motion calendar until further direction from the Court. The Court will determine if and when the motion will be noted for consideration based on the parties' Joint Status Report as noted above.

DATED this 12th day of February 2016.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5